Ochsner v. Commonwealth.

The demurrer to the answer of appellee is sustained, and his motion to dismiss the appeal is overruled.

---

CASE 73.—PROSECUTION AGAINST JOHN OCHSNER FOR ROBBERY.—April 17.

## Ochsner v. Commonwealth

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1. Witnesses—Impeachment—Proof of Conviction of Crime.— Under Cr. Code Prac. sec. 151, providing that the provisions of the Civil Code governing production of evidence shall apply in criminal cases, and Civ. Code Prac. section 597, providing that a witness may be impeached by showing that the witness has been convicted of felony, accused testifying in his own behalf may be required to answer questions concerning the particular transactions on which a former conviction of a felony was based.

2. Witnesses—Impeachment—Conviction.—It is not permissible to prove that accused has committed another offense to show motive, or where it is a part of the res gestae, unless accused offers himself as a witness, when he may be impeached by evidence of his conviction of a felony.

3. Criminal Law—Evidence—Instructions.—Where accused is impeached as a witness by his testifying on cross-examination that he has been convicted of a felony, the court should instruct the jury that they should only consider that fact as affecting his credibility as a witness.

4. Same—Exceptions—Review.—Under Cr. Code Prac. sections 225, 280-282, requiring the court to give instructions in writing authorizing either party to except to decisions of the court, and providing that the exceptions shall be shown by a bill of exceptions, one cannot rely for reversal on an erroneous

ruling, unless an exception was taken to it at the time, except that an exception is not necessary to save the question of erroneous instructions, not including an instruction limiting the effect of testimony or admonishing the jury, and therefore accused, showing on his cross-examination a prior conviction of felony, must take an exception to the failure of the court to charge that such testimony can only be considered as affecting his credibility as a witness, or the same will not be reviewed.

5. Same—"Accomplices"—Who are.—One jointly indicted with accused, but not connected with the commission of the offense, is not an accomplice within Cr. Code Prac. section 241, providing that a conviction cannot be had on the testimony of an accomplice unless corroborated.

H. D. GREGORY for appellant.

JAMES BREATHITT, Atty. Genl. and THEO. B. BLAKEY, Asst. Atty. Genl., for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

Appellant was convicted of the crime of robbery. His punishment was fixed at confinement in the penitentiary for the term of 10 years. On his appeal he relies on three principal alleged errors: One because the court permitted the Commonwealth to require the appellant, while on the witness stand, to testify in detail as to the facts of a former conviction of a felony over the objection of the defendant; the other because the court erred in failing to instruct the jury that they should only consider the fact of his former conviction as affecting his credibility as a witness; and, third, "because the court erred in failing to instruct the jury that the evidence of the Commonwealth's witnesses Gausephol and Bush should not be considered unless corroborated by other testimony connecting defendant with the crime."

As to the first assignment: Appellant offered him-
self as a witness in his own behalf.  On cross-exam-
ination he was asked if he had not previously been
convicted of a felony.  He admitted that he had been.
He was then asked if he had not been charged in that
matter with holding up Joe Rehling, in Austinburg,
and taking from him $80.50.  The proceedings from
this point were as follows: ''Counsel for Defendant:
I now move that what Mr. Galvin has stated before the
jury be excluded.  The Court: He has not said any-
thing except to ask a question.  Witness: Judge, your
honor, I don't like to answer anything that is done
past or anything like that.  I was guilty of that one.
Yes, sir.''  The complaint is that, by requiring the
defendant to answer the questions concerning the
particular transactions as to his former conviction of
a felony, the court allowed the prosecution to go too
far in that matter.  Section 151, Cr. Code Prac.,
adopts the provisions of the Civil Code of Practice
in criminal cases touching the production of evidence
except as limited in the former.  By section 597, Civ.
Code Prac., a witness may be impeached in four ways:
(1) By contradictory evidence; (2) By showing
that he had made statements different from his pres-
ent testimony; (3) by evidence that his general repu-
tation for untruthfulness or immorality renders him
unworthy of belief; and (4) by showing ''by the
examination of a witness, or record of a judgment,
that he had been convicted of felony.''  The last
ground is in itself an exception to the general rule
that evidence of particular wrongful acts is inadmis-
sible to impeach a witness.  The party desiring to
impeach an adversary witness may resort to two
methods under the last ground: One by proving the
fact of a former conviction of felony by any witness

(which of course includes the witness to be impeached); or the other by the production of the record containing the judgment of conviction. If the latter had been resorted to, the indictment, verdict and judgment of conviction would have been admissible. In that event, the record would have disclosed the identical facts detailed in the foregoing quotation from appellant's testimony. That which could have been shown by the record it was equally competent to show by parol under section 597, Civ. Code Prac. That a party is himself the witness to be impeached makes no difference, as when he offers himself as a witness he is subject to the same rules as any other witness.

The trial court did not admonish the jury that the sole effect they could give the impeaching evidence was such bearing as it might have upon the credibility of the witness. That the defendant was entitled to, as otherwise it might have been received by the jury as substantive evidence of his guilt of the principal charge. Fueston v. Commonwealth, 91 Ky. 230, 12 Ky. Law Rep. 854, 15 S. W. 177. It is never permissible to prove that one on trial charged with a particular offense has committed some other offense, except to show motive, or where it is part of the res gestae, unless the defendant has offered himself as a witness, when he may be impeached by evidence of his having been convicted of another crime that is a felony. Section 954, Roberson's Cr. Law; Commonwealth v. Welch, 111 Ky. 530, 22 Ky. Law Rep. 851, 63 S. W. 984; Powers v. Commonwealth, 110 Ky. 386, 22 Ky. Law Rep. 1807, 61 S. W. 735, 63 S. W. 976, 53 L. R. A. 245; Howard v. Commonwealth, 110 Ky. 356, 22 Ky. Law Rep. 1845, 61 S. W. 756; Pennington v. Commonwealth, 51 S. W. 818, 21 Ky. Law Rep. 406. But in this case the defendant did not request the

court to admonish the jury as to the proper effect to be given the evidence objected to, nor did he except to the ruling of the court on the subject. His objection to the evidence, as we have indicated, was not well taken. It was admissible for a particular purpose. When received, the court should have admonished the jury as to its legal effect. Either party may except to any decision of the court by which his substantial rights are prejudiced except challenges to the panel and for cause, upon motion to set aside an indictment, and upon motions for new trial. Sections 280, 281, Cr. Code Prac. All exceptions at the trial must be shown upon the record by bill of exceptions. Section 282, Cr. Code Prac. A party cannot rely for reversal upon an erroneous decision or ruling, unless there was an exception to it at the time. Branson v. Commonwealth, 92 Ky. 330, 13 Ky. Law Rep. 614, 17 S. W. 1019. While it is true that a distinction has been recognized between other rulings and the giving of instructions to the jury, as to the latter it being held that it is the duty of the court to give the whole law of the case whether requested to do so or not, and that an exception is not necessary to save the question of erroneous instructions (Buckles v. Commonwealth, 113 Ky. 795, 23 Ky. Law Rep. 571, 68 S. W. 1084; Thompson v. Commonwealth, 91 S. W. 701, 28 Ky. Law Rep. 1137; Cook v. Commonwealth, 8 S. W. 872, 10 Ky. Law Rep. 222; Trimble v. Commonwealth, 78 Ky. 176; Heilman v. Commonwealth, 84 Ky. 457, 8 Ky. Law Rep. 451, 1 S. W. 731, 4 Am. St. Rep. 207), and while it is also true that all instructions to the jury must be in writing (section 225, Cr. Code Prac.), an admonition or instruction limiting the effect of testimony is not within the definition of instruction as used in that section of the Code and

in the cases cited. There may arise frequent occasions during the trial when the court should admonish the jury concerning their duty, as, for example, when evidence tentatively or erroneously admitted was finally withdrawn from the jury by the court. In that event, simple admonition to disregard the evidence would be sufficient, though, of course, there could be no objection if it was in writing. Or if in the course of the argument counsel transcended his privilege, and went out of the record, a parol admonition to the jury by the court would be as effective as if in writing, although it in one sense would be an instruction to the jury concerning the law of the case. But it is not necessary to multiply examples. The purpose of this opinion is to define the practice on this subject. It has been held a number of times that such admonition or instruction limiting the effect of evidence was necessary, and that its omission was prejudicial error. Fueston v. Commonwealth, 91 Ky. 230, 15 S. W. 177, 12 Ky. Law Rep. 854; Collins v. Commonwealth, 25 S. W. 743, 15 Ky. Law Rep. 691; Jones v. Commonwealth, 57 S. W. 472, 22 Ky. Law Rep. 388; Ashcraft v. Commonwealth, 68 S. W. 847, 24 Ky. Law Rep. 488. Yet the question here decided does not seem to have been presented before. It arises now upon a proper application of the authorities above, namely, that instructions to the jury must be in writing, and that evidence of the character just discussed is admissible for a limited purpose only which should be explained to the jury. As in this case such evidence unexplained was admitted, it is urged that the error was prejudicial, and the judgment of conviction should on that account be reversed. But there are other provisions equally binding upon the court and parties, which should have been ob-

Ochsner v. Commonwealth.

served in order to legally present the error for consideration on appeal; for it is not every error that will justfy the reversal of a judgment of conviction in a criminal case, for the Code of Practice, by which the rights of litigants and the duty of the courts are regulated, expressly requires certain steps to be taken in order to preserve and present alleged errors for review on appeal. Among them is the necessity for excepting to the rulings complained of to be shown by a properly prepared bill. Nor is this an idle requirement. If the trial court's attention were called at the time to what is frequently a mere omission, it would have been corrected. To allow reversals for such lapses is to put a premium upon sharpness, rather than tend to the just and fair administration of the law. The failure of the accused or his counsel to have an exception where one is necessary in order to present the question for review on appeal is deemed in law, as it evidently is in fact, a waiver of the question.

The witnesses Gausephol and Bush were jointly indicted with the defendant. The evidence failed to connect them with the commission of the offense. Before the beginning of the trial the indictment was dismissed as to them. As was held in Sizemore v. Commonwealth, 6 S. W. 123, 10 Ky. Law Rep. 1; "It is not the mere fact that a person is charged with a crime in connection with another that makes him an accomplice within the meaning of section 241 of the Criminal Code of Practice. In order to make him an accomplice, it is necessary that his criminal participation in the crime charged should be shown by the evidence." The instructions fairly submitted the questions of fact constituting appellant's guilt to the jury.

We do not see any prejudicial error in the record; and the judgment is affirmed.