### Carsner v. Commonwealth.

(Decided November 21, 1922.)

## Appeal from Owen Circuit Court.

1. Witnesses—Conduct of Witnesses—Appeal and Error.—The fact that a witness for the Commonwealth on cross-examination becomes excited and makes extravagant and unnecessary statements before the court can stop him by a threat to punish him for contempt, is not such prejudicial error as will authorize a reversal.

2. Witnesses—Cross-Examination—Appeal and Error.—While it is not proper to cross-examine a witness about the contents of a statement alleged to have been signed by him without producing the statement, where his answer is that he signed no such statement as detailed in the question, and the written statement itself is not produced, the error is not prejudicial.

3. Witnesses—Referring to Another Prosecution.—If a witness when asked if he had signed a bail bond for defendant answered that he did not know whether he had signed such a bond in this case or in another case, whereby there was an incidental reference to another prosecution against defendant, there was no prejudicial error.

4. Criminal Law—Evidence—Competency.—Where there were three penal prosecutions against a defendant all growing out of the same transaction, and it was impossible to give evidence on the trial of one of those charges without referring to the facts constituting the other charges, the evidence is competent.

5. Criminal Law—Evidence—Sufficiency.—The fact that more witnesses may testify on one side of an issue than on the other will not ordinarily authorize this court to declare a verdict flagrantly

against the evidence, in the absence of some controlling fact or circumstance.

J. W. CAMMACK for appellant.

CHAS. I. DAWSON Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant was indicted in the Owen circuit court charged with carrying concealed deadly weapons, and upon his trial was found guilty. That court having refused him a new trial he has appealed.

He asks a reversal for the following reasons: (1) Because one of the witnesses for the Commonwealth was guilty of misconduct while on the stand; (2) because the court required a witness to answer a question whether he had signed a certain written statement without the production of the statement; (3) because another witness was permitted to state he had signed a bail bond for defendant in this case or in another case; (4) because the court erred in admitting testimony about other offenses committed by defendant, and (5) because the verdict is not supported by the evidence.

The first question grows out of the fact that the Commonwealth's witness Bramble when asked on cross-examination by appellant's counsel if he had not arranged a crap game and solicited appellant and others to engage in it with him, became very much excited and answered that he had not, and continued by saying that he "hoped God would strike him dead if he had anything to do with a crap game" on that occasion; that "whoever said he had anything to do with it was a liar and did not tell the truth;" that he "hoped that he would die and go to hell if he was riding in a buggy with Compton Kemper when the pistol was shot;" that he "would not tell a lie to save the life of his father." Counsel for appellant objected to the demeanor and statements of the witness, whereupon the court admonished witness and finally stopped him from making statements over objection of counsel, by a threat to punish him for contempt.

Of course these extravagant and unnecessary statements of the witness were wholly indefensible and unjustified, but we are at a loss to see upon what ground

they could have been prejudicial to appellant. Ordinarily when a witness by becoming angry, or otherwise shows his bias in testifying, it is not hurtful to the party against whom he is giving evidence, because the jury would be thereafter more inclined to discount his statements, and thereby make his conduct injurious to the cause of the party for whom he is testifying; and we therefore see no substantial ground for reversal in this occurrence.

While defendant's witness, Tackett, was on the stand he was asked on cross-examination if he had not signed a certain written statement, which statement was not produced, and over the objection of the defendant was required to answer. Witness then answered that he and Bramble did sign a written statement, but if the facts detailed in the question were in it, it was not true.

Manifestly this was equivalent to an answer by the witness that he had signed no such statement as detailed in the question, and as the written statement itself was not produced, the evidence could only have been beneficial to appellant and not prejudicial.

The Commonwealth's witness, Johnson, stated that he did not remember whether he had signed a bail bond for defendant in the case on trial or in another case; and counsel seem to think this was prejudicial error, and was equivalent to testifying about the commission of another offense by the defendant. The fact is there were two or three other charges against defendant growing out of these same transactions, and the effect of the witness's evidence was only that he did not remember whether he had signed a bail bond in this prosecution or another, all of the prosecutions having been referred to, from the necessities of the case, during the progress of the trial. It must be apparent that there is nothing substantial or prejudicial in this objection.

It is likewise claimed that the witnesses were permitted to testify about other offenses having been committed by appellant. This contention likewise grows out of the fact that appellant had also been charged with crap shooting and shooting on the highway, all of which grew out of the same facts. As heretofore suggested, the carrying of the pistol, the going to the crap game, and the shooting on the highway all grew out of the same transaction and each charge was so intimately connected with the others that it would have been impossible to give the evidence about one charge without refer-

ring to the facts constituting the other charges. In such circumstances the incidental reference to other charges against the defendant is not incompetent. Bullington v. Commonwealth, 193 Ky. 529; Moore v. Commonwealth, 188 Ky. 505; Music v. Commonwealth, 186 Ky. 45.

The contention that the verdict was not sustained by the evidence is based upon the fact that only one witness testifies that he saw defendant pull the pistol from the pocket of his overalls and replace it there after he had fired the shot, while the defendant testifies that he had a pistol on that occasion, but that it was in a scabbard and attached to his saddle and was not concealed, and in this respect defendant is to some extent corroborated.

The jury, however, were the triers of the facts; they knew the witnesses, saw and heard them testify and it was peculiarly within their province to pass upon their credibility. The mere fact that more witnesses may testify on one side of an issue than on the other will not ordinarily authorize this court to set aside a finding of fact by the jury, and declare their verdict flagrantly against the evidence, in the absence of some controlling fact or circumstance, which does not appear here. Allison v. Commonwealth, 196 Ky. 140; Hale v. Commonwealth, 196 Ky. 44; Franklin v. Commonwealth, 196 Ky. 737.

Judgment affirmed.