## Noble v. Commonwealth.

(Decided March 25, 1927.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law.—Accused cannot complain of admission of evidence over his objection, where he did not except to ruling.

2. Criminal Law.—Admission of immaterial testimony, which was so unrelated to crime charged that it could have played no part in jury's consideration of case, held not prejudicial.

3. Criminal Law.—Accused cannot complain that witness for commonwealth gave testimony in rebuttal that could properly have been introduced only in chief, where record does not show that court ruled on objection or that accused excepted.

4. Criminal Law.—In prosecution for murder, error, if any, in limiting argument to 30 minutes to each party, held waived by accused, where he did not ask for more time, or take any exception to ruling.

THOMAS T. COPE and FRED K. COPE for appellant.

F. E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, John D. Noble, has been convicted ·for
manslaughter by judgment of the Breathitt circuit court
and sentenced to twenty-one years' confinement in the
penitentiary. Hence the appeal.

A detailed statement of the facts appears to be un-
necessary. It is sufficient to say that from the evidence
for the commonwealth the jury would have been author-
ized to find appellant guilty of murder, which it did not
do, or of manslaughter, which it did do. Appellant
pleaded self-defense, and his theory was properly sub-
mitted to the jury by instruction, to which his counsel
have directed no criticism. This court's consideration
of the evidence leads to the conclusion that it prepon-
derates in favor of the verdict returned by the jury.

Counsel for appellant complain chiefly that the trial
court erred in the admission of incompetent evidence
against him herein. We have carefully examined the
transcript of evidence, made part of the bill of excep-
tions, and it discloses that in no instance in which the
trial court overruled appellant's objections to evidence
offered did appellant except to the ruling of the court.
In the great majority of instances in which the transcript
discloses that objections were made it does not appear
that the trial court was required to rule upon them or
that exceptions were taken. In this state of case, as was
said in Uhlrich v. Commonwealth, 181 Ky. 519:

> "It is a thoroughly well settled rule of practice
> that an appellant cannot, upon appeal, complain of
> the admission of testimony to which he did not object
> upon the trial; and, although the court may have
> admitted the testimony over appellant's objection, he
> can not complain unless he then excepted to the rul-
> ing of the court."

See also Dalton v. Dalton, 146 Ky. 18; McGee v.
Vanover, 148 Ky. 737; Fish v. Welch's Admr., 157 Ky.
19; Harris v. Commonwealth, 163 Ky. 781; and Sparks
v. Commonwealth, 193 Ky. 180. We may add that all the
material testimony complained of by appellant appears
to have been competent and such of it as was immaterial,
and for that reason perhaps incompetent, could not be
held to have been prejudicial, because so unrelated to the
crime charged that it could have played no part in the

jury's consideration of the case and could not have entered into the verdict that it returned.

Appellant complains that one witness introduced in rebuttal for the commonwealth gave testimony that could properly have been introduced only in chief. The record discloses that only one question asked this witness was objected to. It does not disclose that the court ruled on the objection or that appellant excepted. Hence, as above disclosed, appellant can not complain here.

Appellant insists that the following should have been added to instruction D, given: "That if they have a reasonable doubt of the defendant having been proven guilty or of any material fact necessary to establish his guilt they should find defendant not guilty." The first section of instruction D so complained of submitted the usual reasonable doubt instruction to the jury, and contained, in substance, what appellant insists should have been added to it. The concluding portion of instruction D was the usual instruction directing the jury that if they had a reasonable doubt as to whether appellant had been proved guilty of murder or manslaughter, as defined in the previous instructions, to give him the benefit of the doubt and find him guilty of the lesser offense.

Appellant complains that the trial court erred in limiting the argument to thirty minutes to each party. The record does not disclose that appellant asked for more time or that any exception was taken to the ruling of the court on this question. Hence, the error, if any, is deemed to have been waived by appellant and may not be urged here as ground for reversal.

This further ground for reversal is to be found in brief for appellant: "We further insist that the court erred in refusing to grant him a new trial on his motion and grounds therefor." We feel authorized to treat this question as lightly as counsel for appellant have done.

No error to the prejudice of appellant's substantial rights appearing, this court is without authority to reverse the judgment.

Judgment affirmed.