## Sanders v. Commonwealth.

(Decided October 7, 1927.)

## Appeal from McCracken Circuit Court.

1.  Criminal Law.—In prosecution for murder, refusal to grant continuance or permit affidavit to be read as deposition of absent witness, if error, held not prejudicial, where every fact referred to in such affidavit and testimony was merely cumulative and could not have had any substantial effect on jury.
2.  Criminal Law.—In prosecution for murder, testimony of officers relative to defendant's admissions of connection with killing held properly admitted, notwithstanding that one statement in which defendant did not implicate himself was taken down by official stenographer, and officers testified that statements were substantially the same.
3.  Criminal Law.—Failure of court to admonish jury as to effect of evidence introduced in rebuttal to impeach defendant's witnesses is not properly presented for review, where defendant did not object nor request court to admonish jury as to proper effect to be given such evidence.
4.  Criminal Law.—It was not error to refuse new trial on ground of newly discovered evidence, in prosecution for murder where defendant, in support of motion, filed only his own affidavit without affidavits of alleged newly discovered witnesses.
5.  Criminal Law.—Evidence held sufficient to take case to jury in prosecution for murder; testimony of accomplice being suf-

ficiently corroborated by testimony that defendant admitted substantial part of facts testified to by him.

BEN S. ADAMS for appellant.

FRANK E. DAUGHERTY, Attorney General; and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant was jointly indicted with John Jones, Lee Gaither, and Johnson Cooper by the grand jury of McCracken county for the murder of Ewell Smith. Appellant moved for a separate trial, which was granted, resulting in a verdict finding him guilty of murder and fixing his punishment at confinement in the state penitentiary for life.

The appellant and Ewell Smith, together with a number of others, were at the home of Mable Smith in Paducah on the evening the killing occurred. A number of those present were engaged in a game of dice. Smith had recently come from his home in Tennessee and had been carrying a considerable sum of money on his person. On the day following the party at Mable Smith's home, the body of Ewell Smith was found near an abandoned house in the county about one mile from Paducah. His skull had been crushed by a blow from a club or other blunt instrument. The appellant and John Jones left Paducah the day Smith's body was found and went to Texas. Upon their return a week or ten days later, they were arrested. Johnson Cooper had been arrested in the meantime, and in a statement had implicated appellant. On the trial, he testified that he was at Mable Smith's home on the evening of January 2, 1926, and that he saw the deceased, the appellant, John Jones, Lee Gaither, Raymond Philley, and others there, and that he heard some of them, including appellant, threatening to secure the money which the deceased was supposed to have on his person; that he saw Gaither, Philley, Jones, and appellant follow the deceased from the Smith home, and that, when about 75 yards from the house, appellant struck deceased with his fist; that Jones then struck him about the head with a club or blackjack; and that they then placed the deceased in a car and drove away.

Emmett Holt, sheriff, Chas. Clark, deputy sheriff, and Kelly Franklin, a policeman, testified that appellant made a statement after his arrest in which he admitted

that he rode in the car with Philley, Jones, and the deceased to the abandoned house where the body of Smith was later found, that he remained in the car while Philley and Jones went into the house, and that they later stopped at the home of a relative of Jones, where Jones and Philley washed their hands. Appellant denies that he made such a statement. He admits that he was at the home of Mable Smith on the evening the killing occurred, and that he saw the deceased there, but he claims that he left about 8 o'clock and went to the home of Mrs. Emma Means, a short distance away, where he remained until 10 o'clock.

The first ground urged for a reversal is the refusal of the trial court to grant the appellant a continuance or to permit his affidavit to be read as the deposition of the absent witness Denny Means.

The indictment was returned on April 13, 1926. The case was continued at the October term of court on motion of appellant on account of the absence of certain witnesses, including Denny Means; the affidavit alleging that Means was at that time out of the state. The case was set for trial on January 6, 1927, and on December 27, 1926, appellant had a subpoena issued for Means, which was returned "not found." Denny Means had been in McCracken county for several weeks subsequent to the continuance of the case in October, but had left a few days before the case was called for trial in January, 1927. In his affidavit for a continuance, appellant stated that Denny Means, if present, would testify that appellant on the night of January 2, 1926, the night on which the killing occurred, went to the home of Denny Means in Paducah between 8 and 9 o'clock p. m. and remained there and talked with him and his mother and sister until 10 o'clock. The trial court refused a continuance, and refused to permit the affidavit to be read as the deposition of the absent witness. Mrs. Emma Means and Mrs. Esther Snook, mother and sister, respectively, of the absent witness, Denny Means, testified to every fact referred to in the affidavit, and the testimony of Denny Means as contained in the affidavit was merely cumulative and could not have had any substantial effect upon the jury if the affidavit had been read as the testimony of Means. The refusal of the court, therefore, to permit the affidavit to be read, was not prejudicial error. McQueen v. Commonwealth, 88 S. W. 1047, 28 Ky. Law Rep. 20.

It is also insisted for appellant that the testimony of Emmett Holt, Chas. Clark, and Kelly Franklin, relative to certain admissions by appellant of his connection with the killing, should have been excluded from the jury on the theory that one statement made before these officers was taken down by the official stenographer, transcribed by him, and introduced in evidence, and in this statement appellant did not implicate himself in the crime. The officers testified that appellant made three statements, one of which was taken down by the official stenographer, and while they stated that all of the statements were substantially the same, they positively stated that in one or more of the statements appellant admitted that he drove to the abandoned house with John Jones, Raymond Philley, and the deceased, and, while it is insisted that, because others who were implicated in the crime made statements as to what occurred, the officers must have been in error as to the one who made the admissions testified to by them, yet they were positive that it was appellant who made these admissions, and it was therefore a question for the jury to determine, and the court properly admitted the evidence.

Appellant complains that the court erred in failing to admonish the jury as to the effect of evidence introduced by the commonwealth in rebuttal to impeach certain witnesses for the appellant. The evidence was admissible for the purpose of affecting the credibility of witnesses sought to be impeached, and the court should have admonished the jury as to its legal effect, but the appellant did not object so as to present the question, nor did he request the court to admonish the jury as to the proper effect to be given the impeaching evidence, and the question is therefore not properly presented for review by this court. Ochsner v. Commonwealth, 128 Ky. 761, 109 S. W. 326, 33 Ky. Law Rep. 119; Haywood v. Commonwealth, 161 Ky. 338, 170 S. W. 624; Stacy v. Commonwealth, 189 Ky. 411, 225 S. W. 37, 25 A. L. R. 490.

It is contended that the court should have granted appellant a new trial upon the ground of newly discovered evidence. It is needless to discuss this complaint further than to say that, in support of his motion, appellant filed only his own affidavit, and did not file the affidavits of the alleged newly discovered witnesses in support thereof. The court therefore committed no error in overruling the motion. Bowling v. Common-

wealth, 148 Ky. 9, 145 S. W. 1126; McIntosh v. Commonwealth, 209 Ky. 203, 272 S. W. 423.

It is finally contended that the evidence was insufficient and that the motion for a peremptory instruction should have been sustained. This contention is made on the theory that there was no proof to corroborate the testimony of the accomplice, Johnson Cooper. According to the testimony of three witnesses, however, the appellant admitted a substantial part of the facts testified to by Cooper, and this testimony alone was sufficient corroboration to authorize a submission of the case to the jury. As we have heretofore observed, whether or not these statements were in fact made by appellant was a question to be determined by the jury.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.