## Mitchell v. Commonwealth.

(Decided January 25, 1929.)

E. J. HOBDY for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

Appellant was indicted by the grand jury of Simpson county, charged with willful murder in the killing of Willie Milliken. Upon her trial, she was found guilty of voluntary manslaughter, and her punishment fixed at confinement in the penitentiary for 21 years. Complaining of the judgment against her, she has appealed to this court.

In his brief, her counsel suggests but one ground for reversal, and consideration thereof makes unnecessary a recital of the facts.

When the case was called for trial, appellant filed motion for continuance on account of the absence of a material witness, and, in support thereof, filed her affidavit wherein was set out the steps that had been taken to secure the witness' attendance, the testimony he would give, if present, and that such testimony would be true. Upon consideration thereof, the court overruled the motion and permitted the affidavit to be read as the deposition of the absent witness. No complaint is made of this. After appellant and two of her witnesses had testified, her attorney, addressing the court and jury, said: "I will now read you the affidavit made in regard to an absent witness on behalf of this defendant, to-wit: The affidavit of Elliehugh Patterson"—and the affidavit was then read to the jury. The complaint is that, after the reading of this affidavit, "the court failed to instruct the jury that it was their duty to regard said affidavit as the deposition of said absent witness," and such failure, it is urged, is reversible error.

We have been unable to find, and there has not been cited in either of the briefs, any authority wherein the precise question has been presented or decided. However, in the case of Stacey v. Commonwealth, 189 Ky. 402, 225 S. W. 37, 25 A. L. R. 490, we said this: "The appellants, Angeline and Shade, testified in their own behalf upon the trial, and Dewey Stacey testified as a witness for them. The commonwealth's attorney then introduced evidence by several witnesses which tended to prove that the characters of these parties for good morals were bad. The appellants objected to the testimony of some of these witnesses, and to others of them they did not object, but, they now insist that the court erred to the prejudice of their substantial rights, in failing to limit the effect to be given to the testimony to the extent that it affect the credibility of Angeline, Shade and Dewey as witnesses. The appellants, however, did not ask the court in any instance to so admonish the jury. If requested, or its attention had been called to the propriety and necessity of doing so, the court would doubtless have given the proper admonition. When witnesses have testified, as in this case, giving evidence impeaching the moral character of the witnesses, the failure of the court to limit the effect to what it might have upon the credibility of the witnesses, whose characters were impeached, is not a reversible error, unless by motion, exception or objection made at the time, by the party complaining, calls the attention of the court to the necessity of such an admonition, and such failure is not even then a reversible error, unless it appears from the entire record that the substantial rights of the party accused have been prejudiced by the failure. Hayes v. Com., 171 Ky. 291 (188 S. W. 415); Johnson v. Com., 170 Ky. 766 (186 S. W. 655); Fueston v. Com., 91 Ky. 230 (15 S. W. 177, 12 Ky. Law Rep. 854); Newman v. Com. (88 S. W. 1089), 28 Ky. Law Rep. 81; Renaker v. Com., 172 Ky. 714 (189 S. W. 928); Ocksner (Ochsner) v. Com., 128 Ky. 761 (109 S. W. 326, 33 Ky. Law Rep. 119); Wright v. Com., 155 Ky. 750 (160 S. W. 476)."

In Decker v. Commonwealth, 195 Ky. 64, 241 S. W. 817, we said: "In view of the situation thus presented by the record the rule in Wright v. Commonwealth, 155 Ky. 750 (160 S. W. 476), and Renaker v. Commonwealth, 172 Ky. 714 (189 S. W. 928), would seem to apply, which substantially declares that in order to permit an appellant to take advantage on appeal of error committed by the

trial court in failing to admonish the jury to consider testimony only for a certain purpose, it must be made to appear from the record that the attention of the trial court was called at the time to the necessity for such admonition or the court requested to give it, neither of which was done here.''

To the same effect are the cases of McCarty v. Commonwealth, 216 Ky. 110, 287 S. W. 363, and Anderson v. Commonwealth, 205 Ky. 369, 265 S. W. 824.

Since the purpose and effect of the admonition above referred to and the admonition here complained of are the same, no distinction can be drawn between the failure upon the part of the court by admonition to the jury to limit the purpose and effect of testimony impeaching the reputation of a witness, and a failure to admonish the jury that it was their duty to regard an affidavit for continuance read to them ''as the deposition'' of an absent witness. In this case it is not claimed that the court's attention was called to the propriety of such an admonition, nor that any request was made of the court to give it, and none is shown by the record.

In the cases, supra, it is held that the failure of the court to admonish the jury as to the purpose and effect of impeaching testimony, even when requested, is not error, unless it be apparent from the whole record that the substantial rights of the party have been prejudiced by the failure. Upon the same principle and line of reasoning, we have no hesitancy in holding that, in the absence of any request therefor, the failure of the court in this case to admonish the jury to ''regard the affidavit as the deposition of the absent witness'' is not reversible error. An examination of the entire record has convinced us that no substantial right of the appellant has been prejudiced.

The judgment is affirmed.