## Rickman v. Commonwealth.

(Decided January 17, 1930.)

JOHN CAUDILL for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

The appellant was indicted in the Floyd circuit court charged with the crime denounced by section 331i-1, Kentucky Statutes. He was convicted, and his punishment fixed at confinement in the penitentiary for one year. A reversal of the verdict and judgment is sought upon four grounds: (1) Overruling his demurrer to the indictment; (2) admission of incompetent testimony; (3) failure of the court to admonish the jury as to the purpose and effect of certain testimony; and (4) that the verdict is flagrantly against the evidence.

1. It is not shown by the record that a demurrer to the indictment was filed or acted on by the court other than by the motion and grounds for a new trial and the contention in this respect made in appellant's brief. However, the court has considered the indictment, and finds this contention without merit. The indictment substantially follows the language of the statute, and is in conformity with indictments under this section hitherto held sufficient. Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871; West v. Commonwealth, 194 Ky. 536, 240 S. W. 52.

2. The testimony which it is claimed was incompetent is that given by the wife of appellant and certain parts of that given by her father, L. K. Layne. By express provision of section 606, Civil Code, as amended by the Acts of March 15, 1912, c. 104, and March 22, 1926, c. 29, in prosecutions of this character, the wife or husband of the defendant is permitted to testify; and, if it be conceded that any specific testimony given by the wife was otherwise incompetent, complaint upon that ground is unavailing on this appeal, for the record discloses there was not an objection or exception made or taken by appellant on the trial to the testimony of his wife; and it has been frequently written by this court that, where no objection was offered at the time evidence was introduced, the defendant on appeal cannot complain that the testimony was incompetent. Waters v. Commonwealth, 221 Ky. 433, 298 S. W. 1078; Ulrich v. Commonwealth, 181 Ky. 519, 205 S. W. 586. On his direct examination the witness, L. K. Layne, was asked, "The defendant quit work about that time or a short time after he married?" He answered, "He quit awhile after she left him, I don't know what about before, he might have worked some." The extent to which appellant worked

428

or when he quit work, prior to the commission of the crime charged against him, was immaterial, and for that reason perhaps incompetent, yet it was not so prejudicial to his substantial rights as to authorize a reversal. Noble v. Commonwealth, 219 Ky. 287, 292 S. W. 789.

3. The commonwealth introduced two witnesses who testified that the reputation of appellant for general moral character was bad. This testimony is complained of on the ground that the court failed to admonish the jury as to its purpose and effect. There was no objection to this testimony, nor was there any request made of the court to so admonish the jury. In Ochsner v. Commonwealth, 128 Ky. 761, 109 S. W. 326, 33 Ky. Law Rep. 119, it was held that, for a defendant to take advantage of the failure of the court to admonish the jury, he must in some form, call the attention of the court to the alleged error; and in Sanders v. Commonwealth, 221 Ky. 268, 298 S. W. 688, it was held that, where the defendant failed to object, so as to present the question, or did not request the court to admonish the jury, the question was not properly presented for reversal. See, also, McDaniel v. Commonwealth, 185 Ky. 608, 215 S. W. 544.

4. The testimony for the commonwealth, to which no objection was interposed, shows that the child was less than a year old at the time of the trial; that appellant and his wife separated a few weeks after the child's birth; that he had never contributed to its support except to the extent of $2 or $3 given to the mother shortly after its birth, and $25 paid to the mother after the institution of this prosecution, and that the child had no other means of support. There is no claim by appellant that he had contributed to its support anything whatever other than those two sums. That evidence was sufficient to take the case to the jury, and a verdict based thereon cannot, in any wise, be held to be flagrantly against the evidence.

Wherefore the judgment is affirmed.