## Slone v. Commonwealth.

(Decided November 20, 1931.)

H. H. SMITH for appellant.

J. W. CAMMACK, Attorney General, (DOUGLAS C. VEST, of counsel), for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Tony Slone and Bill Slone were indicted in the Knott circuit court for the murder of Talt Jacobs, and it was charged in the indictment that they entered into a conspiracy to kill Jacobs and that pursuant thereto Tony Slone killed him and Bill Slone was present aiding and assisting him therein. Tony Slone was placed on trial. The jury returned a verdict finding him guilty of manslaughter and fixing his punishment at seven years' imprisonment. The court refused a new trial, and he appeals.

The chief ground relied on for reversal is that the verdict is against the evidence. Briefly stated, the proof by the commonwealth was this: Tony Slone and Talt Jacobs, who were young men about the same age, were working for Lige Owens, hauling planks and palings, which had been washed down the creek in a flood. When they got the wagon loaded, Isom Slone, who was the father-in-law of Talt Jacobs, came along. They drove the wagon up to the barn to unload it, and he went with them. When they got up to the barn, they told him that they had some whisky and wanted him to take a drink with them. They then went into one of the stalls of the barn where the whisky was. Isom Slone said he took three drinks; Tony Slone took two, and did not think that Talt Jacobs took any. They had there about a pint and a half of whisky. About this time Bill Slone, who was the father of Tony Slone, came up to the barn. He had a gun in his hand and asked, "Where is Lige Owens?" He said with an oath that some one had killed his hog and that a man could not kill his hog and live. Talt Jacobs told him that he did not kill his hog, and Bill Slone said, with an oath, "You were the son-of-a-bitch that did it." Some other words followed. Bill Slone seemed to be "just as mad as a man could get." He threw his gun around, and Isom Slone caught the gun with his hand. He then said, "Talt Jacobs, you tell me who killed my hog." Talt said, "I don't know and I don't care." Talt Jacobs and Tony Slone then went

down the road. Isom Slone and Bill Slone stood at the point where the path from the barn reached the road and were talking there. What followed is thus stated by the witness:

> "Talt and Tony came up the road and we were standing there, where the road turns to go into the barn, and Talt passed me and got a little above me and the pistol was fired and I wheeled around and he was shot. Tony Slone fired six shots; one struck Talt in his hip, one in his back, two hit him in the shoulders and one in the arm. Talt Jacobs was about two or three feet from Tony Slone when he shot him. Talt Jacobs was walking on by Bill Slone going back to his work when he was shot. Talt did not have out a pistol but after he fell it was lying on the ground by him."

On the other hand, the proof by the defendant, Tony Slone, and his father, Bill Slone, is that nothing was said about a hog, and that Jacobs asked Bill Slone where he was going with the gun. He replied, in substance, that he was going up the branch to kill some squirrels at a mulberry tree, and that Jacobs, who was drinking, then told him that he must not go up the branch, and, when Bill Slone said that he would go, Jacobs drew his pistol and snapped it at Bill Slone and then whirled on Tony Slone and snapped it at him, and, when he did this, Tony Slone drew his pistol and shot him. The evidence for the defendant also showed that an uncle of Jacobs was running a moonshine still up the branch which was discovered a few days later.

The case before the jury simply turned on the credibility of the witnesses. If the defendant's version of what occurred was true, the difficulty occurred by reason of Jacobs insisting that Bill Slone should not go up the branch. On the other hand, if the proof by Isom Slone is true, Jacobs at no time attacked either Bill or Tony Slone with his pistol, and was shot in the back as he was going off to work. The credibility of the witnesses was for the jury. This court will not reverse a judgment because the jury believed one set of witnesses rather than another. The fact is the jury might reasonably conclude from all the evidence that this shooting occurred by reason of the fact that these men were drinking, and was the result of a drinking brawl, and would not have occurred if appellant had been sober.

The only error in the admission of evidence complained of is the following:

"Q. How far apart were you and Bill Slone at the time Tony Slone came back up there where you were? A. We were standing right close up together.

"Q. Was Bill Slone still mad at that time? A. Yes, sir, he was still mad.

"Counsel for defendant objects to question and moves the court to exclude the answer from the consideration of the jury."

The court overruled the objection, reserving the right to exclude the testimony from the consideration of the jury if it was not shown eventually that there was a conspiracy, and told the jury that they were "not to consider anything that Bill Slone did or said against Tony Slone, unless they believed from all the evidence that a conspiracy was entered into between Tony Slone and Bill Slone to kill Talt Jacobs." There was no exception taken to the ruling of the court, and there was no motion at any time thereafter to exclude the evidence. When a question is asked by the commonwealth and the defendant objects to it and the court overruled the objection, the defendant should reserve an exception, or the error will not be reviewable in this court. Simmons v. Com., 207 Ky. 577, 269 S. W. 732; Noble v. Com., 219 Ky. 287, 292 S. W. 789, and cases cited. In addition to this the witness did not testify that Bill Slone said or did anything, not in the presence of Tony Slone, that was material on the trial, and, on the whole case, it is perfectly clear that the defendant's substantial rights were in no wise affected by the above ruling of the court. No other ground of reversal is relied on.

Judgment affirmed.