## Shoupe v. Commonwealth.

May 16, 1947.

Ray C. Lewis, Judge.

John D. White and John M. Lyttle for appellant.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, Sherman Shoupe, was convicted of the offense of carrying a concealed deadly weapon, and his punishment fixed at two years in the penitentiary.

For reversal he is here alleging two grounds. He contends first that the Commonwealth failed to make out a case for the charge embraced in the indictment and that the trial court erred in overruling his motion for a directed verdict. He contends, second, that the lower court erred in allowing the introduction of evidence for the Commonwealth relative to crimes or offenses which had no connection or bearing upon the crime with which he was accused.

In August 1946, Milt White, Sheriff of Clay County, Lawrence Pennington, a Highway Patrolman, Warren Woods, a county officer, and Clarence Hensley, a city policeman of Manchester, arrested the appellant and several others for gambling. Each of the above testified for the Commonwealth and stated in substance that they found the appellant in a poker game, and that all of the participants of the game were arrested for gambling; that shortly after the arrest Pennington, the Highway Patrolman, approached the appellant at his back and searched him but found nothing; and that as the officers and those under arrest were leaving the place where the game had been conducted, the city policeman, Hensley, saw the pistol sticking out of the belt of the appellant. Whereupon, he reached and took it.

Appellant contends that he was wearing a sport shirt tucked beneath his belt so that the pistol could be seen by anyone in front of him at all times. Each of the Commonwealth's witnesses testified that the appel-

lant wore a sport shirt but that the tail of it was not tucked under his belt. The Commonwealth witnesses testified that they did not see any pistol.

The Sheriff, Milt White, testified as follows:

"18. Tell the jury if he had any pistol that you could see when Pennington searched him. A. He certainly did not, I did not see it.

\*　\*　\*　\*　\*　\*

"1. Tell the jury what position you were in when Lawrence Pennington searched Sherman Shoupe, back of him or in front of him. A. I was in front of him.

"2. Were you looking at his front part? A. I was, I reached and got the pint of whiskey Pennington knocked out of his hand.

"3. Was the gun hid from your common observation? A. I did not see any gun.

"4. What kind of a shirt did Sherman Shoupe have on on that occasion? A. Light blue.

"5. Was it buckled under his belt or on the outside? A. It was hanging over his belt.

"6. Was it pulled down and covering his belt line and the pistol? A. Yes sir."

The city policeman, Hensley, testified:

"14. Show the jury where the pistol was when you took it off of him. A. It was under his belt down here, and he had on a sport shirt (indicating belt line).

"Defendant objects—overruled.

"15. Go ahead—A. And he stepped across a ditch and his shirt evidently come up and the handle of the gun was sticking up over his belt, and I just reached and got it.

"16. Was the sport shirt hanging on the outside of his pants? A. Yes, sir, it was.

"17. Did you walk along with him from the place where Lawrence Pennington searched him to the point where you searched him and got the pistol? A. I did.

"18. Tell the jury if that pistol was hid from common observation from the point where he was first

searched to the point where you searched him and found it.

"Defendant objects—overruled.

"A. It was, I did not see it, I passed him once."

The appellant was the only witness testifying for the defense. In the case of Avery v. Commonwealth, 223 Ky. 248, 3 S. W. 2d 624, 625, we said:

"Only one witness testified for the commonwealth, but his evidence was sufficient to take the case to the jury on the question as to whether appellant carried concealed a deadly weapon upon or about his person. It is true, the witness did not state in so many words that the weapon was concealed, but he did state that the pistol fell from appellant's right hip pocket. The jury was authorized by the evidence to find appellant guilty. * * *

"It is true in this case, the witness for the commonwealth did not say that the pistol was concealed, but the fact that it was in the right hip pocket of appellant and that appellant had on a coat was a circumstance from which the jury could infer that the pistol must have been concealed."

Obviously, the question of whether or not the appellant is guilty of carrying a concealed weapon, based upon the evidence above, is a question of fact to be determined by the jury. The court properly submitted that question to the jury.

The contention under 2 above is directed specifically at two portions or items of testimony—the first, when officer Pennington was asked if he was with the Sheriff at the time Sherman Shoupe was arrested with others on a charge of gambling. He said he was. Then follows the allegedly objectionable question: "Do you know whether Sherman Shoupe plead guilty on that charge of gambling or not?" He answered that he did. The defendant's objection to the question was overruled.

The next objectionable question was propounded to this same witness while in an attempt to establish the date of the arrest of appellant. The question was asked in this manner: "To refresh your recollection, do you remember the day that the Jarvis boy was killed up

there?'' The defendant's objection to that question was overruled. Looking at the record as it stands, there is nothing therein to indicate any objectionable significance to that question. No avowal was made as to the significance of the Jarvis boy having been killed. However, there is a suggestion of the import of the question in brief of appellant, but in the absence of anything in the record showing its significance, we cannot be presumed to know all the imports of the question.

It was entirely unnecessary to ask the question about the appellant pleading guilty to the charge of gambling, but it is doubtful that that question would have any prejudicial effect inasmuch as it was extremely difficult, if not impossible, to separate the facts concerning the concealed weapon and the arrest on the charge of gambling. However, the record discloses that the defendant merely objected to the two questions, which objections were overruled, and quit at that point without saving his exceptions. In Slone v. Commonwealth, 241 Ky. 188, 43 S. W. 2d 664, 665, we said:

''When a question is asked by the commonwealth and the defendant objects to it and the court overrules the objection, the defendant should reserve an exception, or the error will not be reviewable in this court. Simmons v. Commonwealth, 207 Ky. (570), 577, 269 S. W. 732; Noble v. Commonwealth, 219 Ky. 287, 292 S. W. 789, and cases cited.''

Therefore, whether prejudicial or not, it was incumbent upon appellant to save exceptions when his objections were overruled.

Wherefore, the judgment is affirmed.