Zeke SPENCER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

———◆———

Henry L. Spencer, Jackson, for appellant.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant shot and killed Brooksie Spencer while they were involved in a fight in appellant's home during the morning of February 11, 1960. Upon trial for this slaying he was convicted of voluntary manslaughter and sentenced to serve ten years in prison. As a ground for reversal of the judgment it is contended that the court erred in overruling his motion for a directed verdict of acquittal because the evidence conclusively established a case of self-defense.

We relate the substance of appellant's testimony. He and Brooksie were life-long friends. Brooksie had stayed overnight at appellant's home following a drinking party and the next morning Brooksie and appellant's wife had an argument concerning the disappearance of some money belonging to appellant. Brooksie's abusive language caused appellant to order Brooksie to leave. Thereupon, Brooksie became angered, armed himself with a hatchet, and struck appellant with the handle of this weapon during their ensuing fight. Appellant shoved him away, grabbed a pistol off the table, fired a shot over Brooksie's head and warned him that he would kill him if he came any closer. Nevertheless, Brooksie renewed his attack upon the appellant who fired two shots into Brooksie's neck. Shortly thereafter, appellant surrendered to the sheriff of Breathitt County and admitted he had killed Brooksie.

Appellant's account of the slaying is corroborated to some extent by the testimony of Abe Johnson, an eyewitness. However, Abe's version of the details of the struggle differs from that of appellant and Abe would not identify Brooksie's weapon as a hatchet, but could only say that during the fight he saw an object in Brooksie's hand.

The testimony of the law enforcement officials, who went to appellant's home shortly after the killing and made an investigation, reveals that they found no hatchet, or any other weapon upon the premises, or any evidence that more than two shots had been fired from the gun appellant had used to kill Brooksie.

Appellant urges that it was conclusively established that he killed Brooksie in self-defense and not with criminal intent and therefore the court should have directed a verdict of acquittal.

In Richie v. Commonwealth, Ky., 242 S.W.2d 1000, 1004, the rule which governs this character of case is stated thusly:

"When a defendant admits, or is shown to have committed the homicide, and endeavors to excuse his act on the ground of self-defense, it is incumbent upon him to convincingly establish that justification. * * * [Y]et if there is any evidence tending to disprove his testimony, the issue should be submitted to the jury. The circumstances of the case, or the credibility of the witness, or the inherent improbability of his testimony, may refute the claim that he killed the person in defense of his life, or to save himself from serious bodily harm."

This rule was also approved and applied in Fields v. Commonwealth, 310 Ky. 162, 219 S.W.2d 991 and in Compton v. Commonwealth, 266 Ky. 803, 100 S.W.2d 813.

 As urged by appellee the testimony of the investigating officers and that of Abe Johnson, particularly the officer's testimony that there was no hatchet or other similar weapon found in appellant's home

 

and Abe's testimony that he could not identify Brooksie's weapon as a hatchet, cast some doubt upon the accuracy and truthfulness of appellant's testimony. Under these circumstances the court did not err in submitting the case to the jury. Baker v. Commonwealth, Ky., 322 S.W.2d 119; Lee v. Commonwealth, Ky., 329 S.W.2d 57. The jury was not bound to accept appellant's evidence that he acted in self-defense but was justified in finding him guilty of voluntary manslaughter. Schull v. Commonwealth, 310 Ky. 319, 220 S.W.2d 842.

Another ground for reversal is that incompetent evidence was allowed to be heard by the jury. Over appellant's objection a witness was permitted to testify that he was informed by another person that, following the shooting and prior to the arrival of the officers who conducted the official investigation, Brooksie's body had been turned over to ascertain whether he was dead. While this testimony may have been objectionable on the ground it was hearsay, the testimony was obviously not prejudicial in this case, and since an exception was not reserved to the ruling of the court the alleged error is not properly reviewable on appeal. McCloud v. Commonwealth, Ky., 333 S.W.2d 264; Shoupe v. Commonwealth, 304 Ky. 737, 202 S.W.2d 369.

In support of his motion and grounds for a new trial appellant filed two affidavits to the effect that one of the members of the petit jury was related to the victim and to a material witness in the case and that he had also discussed the facts of the case with one of the witnesses. The juror in question denied the charge that he had discussed the case prior to the trial and he also stated that if he was related to any of the parties mentioned in the affidavit he was not aware of this fact. Upon a hearing the court overruled the motion and grounds for new trial, and we cannot find an abuse of discretion in overruling the motion, particularly since the record does not include the voir dire examination of the jury.

Upon the whole case the record reflects that appellant had a fair trial.

Judgment affirmed.